UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 5310 |
| | ) | |
| vs. | ) | Judge Castillo |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

Lawrence Jackowiak
Adele Nicholas
Ryan Melyon
Amanda Yarusso
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

Torreya Hamilton
Hamilton Law Offices
11 South LaSalle Street, Suite 1000
Chicago, Illinois 60603
(312) 726-3173

1

## Introduction

Plaintiff Isaac Gibson, through counsel, Jackowiak Law Offices and Hamilton Law Offices, respectfully moves this Honorable Court for attorneys' fees and costs pursuant to 42 U.S.C. §1988.

In this case, Plaintiff made claims under §1983 for false arrest and excessive force, and also made a common law claim for malicious prosecution. The occurrence took place on June 13, 2009, on the 1500 block of South Christiana Street in Chicago. That evening there was a large party in a vacant lot on the east side of the street. At about 10:00 p.m., Plaintiff arrived to visit his relatives who lived at the southwest corner of Christiana and 15th Street. Plaintiff was not part of the party across the street.

The party become unruly and chaotic. Several times the police were called. A large flock of police cars swarmed into the area in response to the 911 calls. On one occasion, a police car stopped as it was driving down Christiana to arrest Darrell Stewart in the street.

According to Plaintiff, the police got unnecessarily rough with Stewart. Plaintiff alleged that he was arrested for taking photographs of the police when they were arresting Stewart. The Defendants offered a different version of events. The Defendants alleged that Plaintiff was arrested for interfering with the arrest of Stewart by trying to pull him away from the officers when they were trying to arrest him. This was the main issue in the case.

At trial, the jury rejected the Defendants' version. Plaintiff won on his false arrest claim and was awarded $7,500.00 in compensatory damages. The jury found in favor of Defendant Baldassano for the claims for excessive force and malicious prosecution. As prevailing party, Plaintiff now respectfully moves this Honorable Court for attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**Plaintiff is Prevailing Party**

The Civil Rights Attorneys' Fees Act of 1976 (42 U.S.C. §1988) provides that the prevailing party in a §1983 case is entitled to attorneys' fees as part of taxable costs under §1988. A prevailing party is one who has succeeded on any significant claim affording it some of the relief sought even if the party has not prevailed on the central issue in the case. <u>Texas State Teachers Ass'n v Garland Independent School Dist.</u>, 489 U.S. 782, 109 S.Ct. 1486 (1989).

Here, the jury found against Defendant Baldassano on the false arrest claim, but in favor

of Baldassano on the excessive force and malicious prosecution claim. Nonetheless, Plaintiff unquestionably succeeded on the central issue in the case. In any event, Plaintiff succeeded on a "significant claim" and is therefore entitled to attorneys' fees under §1988. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In Hensley, the Court recognized that where plaintiff's various claims for relief involve a common core of facts or are based on related legal theories, it is improper to view the lawsuit as a series of discrete claims. The Hensley Court made it very clear that a the plaintiff is entitled to fees for "all time reasonably expended in pursuit of the ultimate result achieved." 461 U.S. at 431.

In this case, all of the legal claims were related to a common core of facts arising from the arrest of Plaintiff on June 13, 2009. Thus, all of the time incurred by Plaintiff's attorneys would have been expended even if Plaintiff did not bring the claims for excessive force and malicious prosecution. Plaintiff is therefore entitled to all the fees sought, even though the jury found in favor of Defendant Baldassano on the excessive force and malicious prosecution claims. See also, e.g., Jaffee v. Redmond, 142 F.3d 409, 414 (7th Cir. 1998) ("If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim").

**Plaintiff Is Entitled to a Reasonable Fee**

As prevailing party, Plaintiff is entitled to a reasonable attorneys' fee. Under Hensley v. Eckerhart, the court must determine the lodestar amount which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. See also, e.g., Robinson v. City of Harvey, 489 F.3d 864, 871 (7th Cir. 2007). The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. The determination of the market rate should be based upon that of lawyers of similar ability and experience in the community. McNabola v. Chicago Transit Authority, 10 F.3d 501, 519 (7th Cir.1993).

**Plaintiff's Rates are Reasonable and Below the Laffey Matrix**

The United States Attorney's Office for the District of Columbia has created what has become known as the Laffey Matrix to provide an official guideline for "reasonable" rates in

3

fee-shifting cases. Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 347 n.3 (6th Cir. 2000) (describing Laffey Matrix as "an official statement of market-supported reasonable attorney fee rates"). According to the United States Attorney: "The matrix is intended to be used in cases in which a 'fee-shifting' statute permits the prevailing party to recover 'reasonable' attorney's fees." The current Laffey Matrix provides the following rate guidelines:

**Laffey Matrix 2010-2011**

| *Experience* | *2010 – 2011* | *2011 – 2012* |
|---|---|---|
| 11-19 years | 420 | 435 |
| 8-10 years | 335 | 350 |
| 4-7 years | 275 | 285 |
| 1-3 years | 230 | 240 |
| Paralegals & Law Clerks | 135 | 140 |

The Laffey Matrix "is a concession by that office [the United States Attorney] of what it will deem reasonable when a fee-shifting statute applies and its opponent prevails and seeks attorney fees. That concession relieves that office from having to litigate the market rate in the hundreds of fee-shifting cases that it defends." Adolph Coors Co. v. Truck Ins. Exch., 383 F.Supp.2d 93, 98 (D.D.C. 2005). See also, Chanel Inc. v. Doan, 2007 WL 781976 at 6 (N.D.Cal. 2007) ("It is the practice of the undersigned judge to rely on official data to determine appropriate hourly rates. One reliable official source for rates that vary by experience levels is the Laffey matrix used in the District of Columbia").[1]

Use of the Laffey Matrix to set "reasonable" rates has been approved, either expressly or implicitly, by many judges in the Northern District of Illinois. See, Berg v. Culhane, 2011 WL 589631, *3 (N.D.Ill. Feb.10, 2011) (Kendall, J.); Catalan v. RBC Mortgage Co., 2009 WL 2986122, at *6 (N.D.Ill. Sept. 16, 2009) (Dow, J.); Robinson v. City of Harvey, 2008 WL 4534158, at *7 (N.D.Ill. Oct. 7, 2008) (Lefkow, J.); Decker v. Transworld Sys., Inc., 2009 WL

---

[1] Some courts use the "Adjusted Laffey Matrix" rather than the U.S. Attorney's Office Laffey Matrix. The former calculates annual increases by adjusting the original Laffey Matrix for inflation as measured by the Consumer Price Index, whereas the Adjusted Laffey Matrix uses the Legal Services Index, which is higher. Interfaith Community Org. V. Honeywell International, Inc., 426 F.3d 694, 709 (3rd Cir. 2005) (affirming use of the higher of the two versions); Salazar v. District of Columbia, 123 F.Supp.2d 8 (D.D.C. 2000) (same).

2916819, at *5 (N.D.Ill. Sept. 1, 2009) (Mahoney, J.) Arch v. Glendale Nissan, 2005 WL 1421140 at 1 (N.D.Ill. 2005) (Pallmeyer, J.); Selph v. Bruno et al. & Assoc., LLC, 2007 WL 433103 (N.D.Ill. 2007) (Andersen, J.); Delgado v. Village of Rosemont, 2006 WL 3147695 (N.D.Ill. 2006) (Leinenweber, J.); Covington-McIntosh v. Mount Glenwood Memrorial Gardens., Inc., 2004 WL 2700482 at 4 (N.D.Ill. 2004) (Keys, J.); Embry v. Barnhart, 2003 WL 22478769 at 2 (N.D.Ill. 2003) (Brown, J.); Sadler v. Barnhart, 2004 WL 419908, at *2-3 (N.D.Ill. Feb. 25, 2004) (Pallmeyer, J.). [2]

Courts outside of Washington D.C. typically adjust the Laffey Matrix for what is called the "locality pay differential." See Chanel, Inc. v. Doan, 2007 WL 781976 at 6-7 (N.D.Cal. 2007) (adopting the Laffey Matrix rates, but adjusting them upward by 5% due to the locality pay differential between California and D.C.); In re: HPL Technologies. Inc. Securities Litigation, 366 F.Supp.2d 912, 921 (N.D.Cal. 2005) (adjusting the Laffey Matrix upward by 9% over the Laffey Matrix figures given the pay differential for San Francisco).

The locality pay differential for Chicago is 19.70% versus 15.98% for the D.C. area, meriting a 4% increase over the Laffey figures. Selph v. Bruno et al. & Assoc., LLC, 2007 WL 433103 at 13 (N.D.Ill. 2007) (Andersen, J.) (citing data located on the United States' Office of Personnel Management webpage at http://www.opm.gov/oca/05tables/indexGS.asp.).

The Laffey Matrix as adjusted for the locality differential would dictate rates of $453 per hour for Lawrence V. Jackowiak and Torreya L. Hamilton (who are seeking $425 per hour); $435 per hour for Amanda S. Yarusso (who is seeking $350 per hour); $296 per hour for Adele D. Nicholas (who is seeking $275 per hour) and $250 per hour for Ryan Melyon (who is seeking $175 per hour). Plaintiff's counsels' proposed rates are well below, or at a minimum, in line with, the Laffey Matrix presumptions, and should thus be approved as reasonable.

---

[2] In addition to this District, the Laffey Matrix has also been approved as the baseline for reasonable rates by courts throughout the country. See, e.g., Interfaith Community Org. v. Honeywell Intern. Inc., 426 F.3d 694, 709 (3rd Cir. 2005); Adcock-Ladd v. Secretary of Treasury 227 F.3d 343, 347 n.3 (6th Cir. 2000); Chanel, Inc. v. Doan, 2007 WL 781976 at 6 (N.D.Cal. March 13, 2007); H.P. v. Knickrehm, 2005 WL 2261172 at 3 (E.D.Ark. Sept. 16, 2005); In re: Sulzer Hip Prosthesis Liability Litig., 2006 WL 3803420 at 1 (N.D.Ohio Dec. 26, 2006); Hick v. Miller, 68 F.Supp.2d 1169, 1176 (D.Nev. 1999); Jarno v. Department of Homeland Sec., 365 F.Supp.2d 733, 741 (E.D.Va. 2005); North Carolina Alliance For Transportation Reform, Inc. v. United States Department of Transit, 168 F.Supp.2d 569, 581 (M.D.N.C. 2001), citing Cooper v. Paychex Inc., 1998 WL 637274 (4th Cir. Aug. 31, 1998).

**LR54.3(e) Joint Statement - Plaintiff's Portion**

As reflected in the attached billing records (Exhibits 14 – 18), Plaintiff is requesting a total of $207,502.50 in attorneys' fees for work until September 2, 2011, as follows:

| *Name* | *Hours* | *Rate* | *Totals* |
| --- | --- | --- | --- |
| Lawrence Jackowiak | 217.6 | $425 per hour | $92,480.00 |
| Torreya Hamilton | 135 | $425 per hour | $57,375.00 |
| Amanda Yarusso | 36.8 | $350 per hour | $12,880.00 |
| Adele Nicholas | 96.8 | $275 per hour | $26,620.00 |
| Ryan Melyon | 103.7 | $175 per hour | $18,147.50 |

**LR54.3(e) Joint Statement - Defendants' Portion**

To be submitted by Defendants.

**The Individual Attorneys**

*Lawrence Jackowiak* seeks $425 per hour. Attorney Jackowiak is a 1995 graduate and opened his own law firm straight out of law school. Attorney Jackowiak's practice concentrates in civil rights, criminal defense and constitutional issues, and he has represented plaintiffs in over 300 civil rights cases. Mr. Jackowiak has tried over 25 jury trials, and over 100 bench trials and other evidentiary hearings. Mr. Jackowiak has a diverse practice: he has tried criminal and civil cases in both federal and state court, and has litigated numerous civil rights cases in the Seventh Circuit Court of Appeals. Mr. Jackowiak's experience and qualifications are further described in his attached declaration. (See Exhibit 1.)

As a 17th year lawyer under the Laffey Matrix, Attorney Jackowiak's hourly rate would be $453 (adjusted for the Chicago market). But Mr. Jackowiak seeks less than that rate, which is further evidence that the rate Mr. Jackowiak seeks is reasonable. Also, Mr. Jackowiak's rate request is supported by the attached declarations from attorneys Francis Kasbohm and Marcelle LeCompte. (See Exhibits 8, 9.)

*Torreya Hamilton* seeks $425 per hour. Attorney Hamilton's experience and qualifications are listed in detail in her attached declaration. (See Exhibit 2.) In summary,

6

Attorney Hamilton is a 1995 graduate who has been practicing law in Illinois for over 16 years. Upon admission to the Illinois bar, Ms. Hamilton went to work in the Cook County State's Attorney's Office, where she worked for about 8 years. In that position, she tried hundreds of cases.

From 2003 to 2006, Attorney Hamilton worked in the City of Chicago's Corporation Counsel's Office representing individual police officers in §1983 cases. In 2006, Ms. Hamilton left the City and opened her own civil rights practice, and has represented plaintiffs in over 100 cases. Ms. Hamilton's rate request is further supported by the attached declarations from attorneys Jeffrey Granich and Thomas Needham. (See Exhibits 6, 10.)

Ms. Hamilton seeks $425 per hour. As a 17th year lawyer under the Laffey Matrix, Attorney Hamilton's hourly rate would be $453 (adjusted for the Chicago market). Since she is seeking a rate below the Laffey Matrix, this is further evidence that Ms. Hamilton seeks a reasonable rate.

*Adele Nicholas* seeks $275.00 per hour. Ms. Nicholas's experience and qualifications are listed in detail in her attached declaration. (See Exhibit 3.) In summary, Ms. Nicholas is a 2008 graduate. Upon admission to the Illinois bar in 2008, Ms. Nicholas began employment for Jackowiak Law Offices. She has appeared in over 200 §1983 cases, and has been counsel in 7 jury trials.

As a 4th year lawyer under the Laffey Matrix, Ms. Nicholas's hourly rate would be $296 (adjusted for the Chicago market). Ms. Nicholas's rate request is further supported by the attached declarations from attorneys Francis Kasbohm and Marcelle LeCompte. (See Exhibits 8, 9.)

*Amanda Yarusso* seeks $350 per hour. Ms. Yarusso's experience and qualifications are listed in detail in her attached declaration. (See Exhibit 4.) Ms. Yarusso is a 2003 graduate in her 8th year of practice. Since her admission to the bar, Ms. Yarusso has practiced exclusively as a plaintiffs' lawyer in civil rights litigation.

As an 8th year lawyer under the Laffey Matrix, Ms. Yarusso's hourly rate would be $435 (adjusted for the Chicago market). Ms. Yarusso's $350 per hour rate request is further supported by the attached declarations from attorneys Matthew Robison and Amanda Antholt. (See Exhibits 7, 11.)

*Ryan Melyon* seeks the rate of $175 per hour. Mr. Melyon is a 2010 graduate who is in his first year of practicing law. Under the Laffey Matrix, Mr. Melyon's hourly rate would be $250 (adjusted for the Chicago market). Mr. Melyon's rate request is further supported by the attached declarations from attorneys Francis Kasbohm and Marcelle LeCompte. (See Exhibits 8, 9.)

**Plaintiff's Costs Are Reasonable And Should Be Approved**

Plaintiff also seeks taxable costs under §1988. Plaintiff previously sought costs under Rule 54(d). On August 30, 2011, the Court denied Plaintiff's bill of costs without prejudice. In its ruling, the Court explained that the Seventh Circuit employs a different standard for prevailing party status under §1988 than it does under Rule 54(d). More specifically, the Court held that "Plaintiffs may be considered prevailing parties for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (Dkt. 71 at p. 3. citing Sottoriva v. Claps, 617 F.3d 971, 975 n.3 (7th Cir. 2010) (emphasis in original)).

Here, Plaintiff prevailed on his false arrest claim, unquestionably a significant issue in this case. Arguably, it was the only significant issue. In any event, Plaintiff was awarded full compensation for his false arrest claim. Under the applicable standard as previously recognized by this Court, Plaintiff is therefore entitled to all his costs, which total $2,845.81. The list of individual costs and receipts are attached hereto as Exhibits 12 and 13. This includes costs for court reporters and obtaining copies of deposition transcripts, fees of the clerk, witness fees, service of summons and subpoenas, fees for copies and printing.

**Conclusion**

Pursuant to 42 U.S.C. §1988, Plaintiff respectfully requests that this Honorable Court award the attorneys' fees and costs requested above.

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for Plaintiff*

Lawrence Jackowiak
Adele Nicholas
Ryan Melyon
Amanda Yarusso
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois  60602
(312) 795-9595

Torreya Hamilton
Hamilton Law Offices
11 South LaSalle Street, Suite 1000
Chicago, Illinois 60603
(312) 726-3173

9